UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

STEVEN WEIGLE,                        )
                                      )
                    Movant,           )
                                      )
          v.                          )   No.  4:12-CV-2236 (CEJ)
                                      )
UNITED STATES OF AMERICA,             )
                                      )
                    Respondent.       )

## MEMORANDUM

This matter is before the court on the motion of Steven Weigle to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255.  The United States has filed a response in opposition, and the issues are fully briefed.

### I.  Background

After entering into a plea agreement with the government, Weigle pled guilty to manufacturing more than 50 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1).  United States v. Steven Weigle, Case No. 4:08-CR-119 (CEJ), *Guilty Plea Agreement*, Doc. #35.  A sentence of imprisonment of not less than five years and not more than 40 years was prescribed for the offense.  21 U.S.C. § 841(b)(1)(B)(viii).

According to the stipulated facts in the plea agreement, the police searched Weigle's home and seized plastic container containing 56.35 grams of a liquid containing methamphetamine and 22.80 grams of methamphetamine in powder form. form.  Weigle and the government agreed that the liquid or "waste water" from his illicit manufacturing operation could be considered in determining the total drug

quantity for purposes of applying the statutory mandatory minimum. *Guilty Plea Agreement, pp. 4-5*. Further, Weigle agreed that he was responsible for manufacturing manufacturing more than 50 grams but less than 200 grams of methamphetamine. Specifically, he admitted that his offense involved in excess of 79 grams of methamphetamine, representing the combined quantities of liquid and powder seized seized by the police. *Id*. Finally, Weigle acknowledged in the plea agreement that he that he understood the penalties for the offense.

During the change of plea hearing, the court questioned Weigle about the provisions of the plea agreement, including the statement of stipulated facts and the drug quantity, and informed him that he faced a mandatory minimum sentence of five years in prison. Weigle stated under oath that he had read the plea agreement and discussed it with his attorney and that he understood the contents of the document. He also stated that he understood the penalties he faced. He further stated that he agreed with the statement of facts in the plea agreement and with the quantity of drugs attributed to him. Doc. #53, *Transcript, pp. 11, 13, 17*. At the hearing, the court asked Weigle whether he specifically agreed "that in calculating the amount of methamphetamine that you're responsible for, that would include not only the methamphetamine but also the liquid that it was in [.]" Weigle responded in the affirmative. *Transcript, p. 17*.

Before sentencing, Weigle's attorney filed objections to the presentence report. report. The sole objection that would have affected the sentencing guideline range (*i.e.*, the criminal history computation) was mooted by the Probation Office's revision to revision to the report. Weigle was sentenced to a 60-month term of imprisonment. In

In the plea agreement, Weigle waived his right to appeal all issues other than those those relating to his criminal history. He did not appeal the judgment.

**II. Discussion**

In the motion to vacate, Weigle first asserts that he was denied effective assistance of counsel as a result of his attorney's failure to object to the drug quantity. To prevail on an ineffective assistance claim, a movant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first Strickland prong, there exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. Id. at 689. To establish the "prejudice" prong, the movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The failure to show prejudice is dispositive, and a court need not address the reasonableness of counsel's performance in the absence of prejudice. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

Weigle's ineffective assistance claim is premised on his contention that the wastewater was improperly included in calculating the total amount of methamphetamine. It is true that wastewater from illicit drug manufacturing may not not be counted in determining drug quantity for purposes of the sentencing guidelines. guidelines. U.S.S.G. §2D1.1, Application Note 1 ("Mixture or substance does not include materials that must be separated from the controlled substance before the

controlled substance can be used  Examples of such materials include . . .waste water water from an illicit laboratory used to manufacture a controlled substance."). However, wastewater can be counted in determining whether the offense involved more than 50 grams of methamphetamine so as to trigger the mandatory five-year minimum sentence of imprisonment.  *United States v. Kuenstler*, 325 F.3d 1015, 1023 1023 (8th Cir. 2003) (weight of liquid byproduct of methamphetamine manufacture could be considered in calculating weight of "mixture or substance" under §841(b)(1)(B)).   Further, as discussed above, Weigle admitted under oath that he manufactured more than 50 grams of methamphetamine.  Given these circumstances, circumstances, any objection to the drug quantity would have been futile.  Weigle has has not shown that defense counsel's performance was objectionably unreasonable or or that he was prejudiced.

Weigle's second claim is that the court erred in determining his criminal history history category.  Specifically, he argues that his criminal history category substantially substantially overstated the seriousness of his criminal history.   Because Weigle reserved his right to appeal issues pertaining to his criminal history, he could have raised this issue on direct appeal.   As a result of his failure to do so, the claim is procedurally barred.   *Poor Thunder v. United States, 810 F.2d 817, 823 (8th Cir. 1987).*   Absent a showing of cause to excuse the procedural default and prejudice, the the court need not consider the claim.   However, even if the procedural bar did not apply the claim is still without merit.  The 60-month sentence that Weigle received was was based on the minimum term of imprisonment that was mandated by statute.  The

The court could not have imposed a sentence below 60 months, regardless of Weigle's criminal history category.

### III.  Conclusion

For the reasons discussed above, the court concludes that motion and the files and records of this case conclusively show that Weigle is not entitled to relief under 28 U.S.C. § 2255 based on any of the claims he asserts in the motion to vacate. Therefore, the motion will be denied without a hearing. <u>See</u> <u>Engelen v. United States</u>, 68 F.3d  238, 240 (8th Cir. 1995). Additionally, the court finds that Weigle has not made a substantial showing of the denial of a constitutional right. Therefore, the court will not issue a certificate of appealability. See 28 U.S.C. ç 2253.

An order consistent with this memorandum opinion will be filed separately.


_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of December, 2015.